**COPY**

1   **EDWARD YUN (SBN 258245)**
    **SEVAHN SIMONIAN (SBN 301881)**
2   **J. MISA KEELAN (SBN 322129)**
    **YUN & SIMONIAN, PC**
3   11175 Santa Monica Blvd., Suite 420
    Los Angeles, California 90025
4   Telephone Number: (310) 954-0823
    Fax Number: (310) 954-0824
5   edward@yslegal.com
    sevahn@yslegal.com

Attorneys for Plaintiff ELAINE KING

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 1 9 2019

J. Marcial

**BY FAX**

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

**SUPERIOR COURT STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

ELAINE KING,

        Plaintiff,

        v.

RAPID RESPONSE MONITORING
SERVICES and DOES 1 to 100, inclusive,

        Defendants.

Case Number: **RIC 19 0 1 5 1 1**

**COMPLAINT FOR DAMAGES FOR:**

(1) Disability Discrimination in Violation of the
    Fair Employment and Housing Act
    ("FEHA");
(2) Failure to Provide Reasonable Disability
    Accommodation in Violation of the FEHA;
(3) Failure to Engage in an Interactive Process
    in Violation of the FEHA;
(4) Pregnancy Discrimination in Violation of
    the FEHA;
(5) Failure to Provide Accommodations for
    Pregnancy and Related Medical Conditions
    in Violation of the FEHA;
(6) Failure to Engage in an Interactive Process
    Regarding Accommodations for Pregnancy
    and Related Medical Conditions in Violation
    of the FEHA;
(7) Unlawful Retaliation in Violation of
    California Pregnancy Disability Leave
    Laws;
(8) Retaliation for Requests for
    Accommodation, Complaints of
    Discrimination in Violation of the FEHA;
(9) Unlawful Retaliation in Violation of the Fair
    Employment and Housing Act
(10) Unlawful Violation of the California
    Family Rights Act;

1
COMPLAINT

(11) Unlawful Retaliation in Violation of the California Family Rights Act;

(12) Wrongful Termination in Violation of Public Policy; and

(13) Failure to Prevent and/or Stop Harassment, Discrimination, and/or Retaliation in Violation of the FEHA

**DEMAND FOR JURY TRIAL**

Plaintiff ELAINE KING (hereinafter "Plaintiff" or "KING") hereby brings her complaint against Defendants RAPID RESPONSE MONITORING SERVICES (hereinafter "RAPID RESPONSE"), and Does 1 through 100, inclusive (collectively "DEFENDANTS") and alleges as follows:

## GENERAL ALLEGATIONS

The following is pled on information and belief:

1. The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of DEFENDANTS DOES 1 through 100, inclusive, are unknown to the Plaintiff, who therefore sues said DEFENDANTS by such fictitious names. When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

2. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, strict liability, and by such wrongful conduct, proximately caused the Plaintiff's injuries and damages.

3. At all times mentioned herein, Plaintiff was and is a resident of the County of Riverside, State of California.

4. Defendants RAPID RESPONSE MONITORING SERVICES and Does 1 through 50 are

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

2
COMPLAINT

1  corporations, associations, partnerships, joint ventures, or other business entities, organized and
2  existing under the laws of the State of California and at all times herein mentioned conducted business
3  in the State of California, and throughout the County of Riverside.

4      5.  Defendants Does 51 through 100 are individuals who were the agents, employees, members,
5  volunteers, servants, partners, representatives, independent contractors, joint venturers or other
6  participants with or of Defendants RAPID RESPONSE MONITORING SERVICES and DOES 1
7  through 50, and in doing the things hereinafter mentioned, were acting within the course and scope of
8  said agency, employment, membership or other relationship with said Defendants. At all times herein
9  mentioned, Defendants Does 51 through 100 were employees of Defendants RAPID RESPONSE
10 MONITORING SERVICES and Does 1 through 50 who held supervisory positions within the
11 company.

12     6.  At all times herein mentioned, DEFENDANTS, whether or not specifically identified or
13 designated herein as a DOE, and each of them, were the agents, employees, servants, partners,
14 independent contractors, joint venturers and participants with all other Defendants, and with each
15 other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint
16 venturers, and with the consent and permission of the co-Defendants, and each of them.

17     7.  Plaintiff has timely filed a complaint with the California Department of Fair Employment and
18 Housing, has complied with all the administrative requirements of that agency. The Department of
19 Fair Employment and Housing issued "Right-To-Sue Notices" to Plaintiff on January 31, 2019.

20
21 **FIRST CAUSE OF ACTION**
22 **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND**
23 **HOUSING ACT [Government Code §12940, et seq.]**
24 **(Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)**
25     8.  Plaintiff restates and incorporates by reference each and every allegation contained in
26 paragraphs 1 through 7, inclusive, as though fully set forth herein.
27     9.  Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et.
28 seq., it is an unlawful employment practice for an employer because of a person's disability, to refuse

*Left margin (vertical):* YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful, under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940, for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee. It is unlawful, under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940, for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee with a known physical or mental disability. It is unlawful, under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940, because of a person's disability, to harass an employee.

10. Defendants RAPID RESPONSE and DOES 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code § 12940, et seq.

11. At all material times, Plaintiff was a qualified employee with a disabilities that limited a major life activity as described herein or, alternatively, DEFENDANTS regarded Plaintiff as having suffered from a disability or viewed her as having a record of having a disability.

12. Despite her disabilities, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

13. DEFENDANTS, and each of them, knew of Plaintiff's disabilities and knew, or should have known, that they fell within the definition of disability under Government Code §12926. DEFENDANTS further knew, or should have known, that despite her disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

14. Despite their knowledge of the foregoing, DEFENDANTS took adverse action against Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating her employment because of her disabilities.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

15. DEFENDANTS made decisions adverse to Plaintiff KING in regards to compensation and terms, conditions and privileges of employment. Defendant actually and/or constructively terminated Plaintiff KING, refused to hire Plaintiff KING, refused to employ plaintiff KING, refused to promote plaintiff KING, demoted Plaintiff KING, and/or failed to reinstate Plaintiff KING.

16. The plaintiff KING's disability was a motivating factor in DEFENDANTS's aforementioned decisions that were adverse to plaintiff in regards to compensation and terms, conditions and privileges of employment. The plaintiff KING's disability was a motivating factor in Defendants aforementioned decision to actually and/or constructively terminate Plaintiff KING; refuse to hire plaintiff KING; refuse to employ plaintiff KING, refuse to promote plaintiff KING, demote Plaintiff KING, and/or failed to reinstate plaintiff KING.

17. As a direct, legal, and proximate cause of plaintiff KING's aforementioned protected status, DEFENDANTS's failure to accommodate plaintiff, and DEFENDANTS's refusal to engage in a timely, good faith, interactive process with Plaintiff KING to determine effective reasonable accommodations, described hereinabove, DEFENDANTS discriminated and harassed plaintiff including, but not limited to, the following ways: DEFENDANTS hired and/or assigned employees, who did not have plaintiff KING's protected status, to assume the duties and responsibilities that plaintiff KING had and/or sought; the employees that DEFENDANTS hired and/or assigned to assume the duties and responsibilities that plaintiff KING had and/or sought were not as qualified as plaintiff KING to assume those duties and responsibilities; DEFENDANTS made discriminatory statements based on plaintiff KING's aforementioned protected status, as described hereinabove; DEFENDANTS gave no reason for the aforementioned adverse actions, described herein above, and/or gave a vague, false, and/or illegal reason for the adverse actions, DEFENDANTS did not follow its own internal rules and procedures in taking adverse action against Plaintiff KING; DEFENDANTS treated plaintiff KING differently than employees not in the same protected status by giving those employees lesser or no discipline for the same or more grievous offenses than DEFENDANTS charged plaintiff KING with; DEFENDANTS has a pattern and practice of discriminating against employees in the aforementioned protected status of plaintiff KING, described hereinabove; and/or DEFENDANTS implemented policies and procedures that had an adverse impact on plaintiff KING

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

and other employees with the same protected status as plaintiff KING, as described hereinabove.

18. As a direct, legal, and proximate result of plaintiff KING's disability, DEFENDANTS's failure to accommodate plaintiff, and DEFENDANTS's refusal to engage in a timely, good faith, interactive process with Plaintiff KING to determine effective reasonable accommodations, defendants' RAPID RESPONSE actually and/or constructively terminated plaintiff KING, refused to hire plaintiff KING, refused to employ plaintiff KING, refused to promote plaintiff KING, demoted Plaintiff KING, failed to reinstate plaintiff KING and/or discriminated against plaintiff KING in the terms, conditions, and privileges of employment, and harassed plaintiff KING.

19. In engaging in the foregoing conduct, Defendants RAPID RESPONSE and DOES 1 through 100 aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

20. The foregoing conduct engaged in by Defendants RAPID RESPONSE and Does 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on her disability, so as to entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

21. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

22. As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial.

23. Furthermore, Plaintiff is entitled to treble damages pursuant to Civil Code § 3345, in that at the time that Defendants engaged in the conduct previously alleged, Defendants, and each of them:

    a. Knew or should have known that their conduct was directed to Plaintiff, a disabled

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

person as that term is defined under Civil Code § 1761;.

    b.   Caused Plaintiff, a disabled person as that term is defined under Civil Code § 1761, to suffer loss of principal employment and source of income; and

    c.   Knew that Plaintiff, a disabled person as that term is defined under Civil Code § 1761, was substantially more vulnerable than other members of the public to the Defendants' conduct because of poor health or infirmity or disability, and actually suffered physical, emotional, or economic damage resulting from the Defendants' conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE DISABILITY ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

**[Government Code §12940, et seq.]**

**(Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)**

24. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Pursuant to California Government Code § 12940(m) and 12945(c), RAPID RESPONSE was required to reasonably accommodate Plaintiff's disability/disability related condition.   Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

26. Defendants RAPID RESPONSE and DOES 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov. Code § 12940, et seq.

27. At all material times, Plaintiff was a qualified employee with a disabilities that limited a major life activity as described herein or, alternatively, DEFENDANTS regarded Plaintiff as having suffered from a disability or viewed her as having a record of having a disability.

28. Despite her disabilities/medical condition, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

29. DEFENDANTS, and each of them, knew of Plaintiff's disabilities and knew, or should have known, that they fell within the definition of disability under Government Code §12926.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

DEFENDANTS further knew, or should have known, that despite her disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

30.  Despite their knowledge of the foregoing, DEFENDANTS failed to accommodate Plaintiff's disabilities.

31.  In engaging in the foregoing conduct, Defendants RAPID RESPONSE and Does 1 through 100 aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

32. The foregoing conduct engaged in by DEFENDANTS RAPID RESPONSE and DOES 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on her disability and requests for accommodation, so as to entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

33.  As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

34.  As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

35. Furthermore, Plaintiff is entitled to treble damages pursuant to Civil Code § 3345, in that at the time that Defendants engaged in the conduct previously alleged, Defendants, and each of them:

    a.   Knew or should have known that their conduct was directed to Plaintiff, a disabled person as that term is defined under Civil Code § 1761;

    b.   Caused Plaintiff, a disabled person as that term is defined under Civil Code § 1761, to suffer loss of principal employment and source of income; and

    c.   Knew that Plaintiff, a disabled person as that term is defined under Civil Code § 1761,

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

8

COMPLAINT

1   was substantially more vulnerable than other members of the public to the Defendants' conduct

2   because of poor health or infirmity or disability, and actually suffered physical, emotional, or

3   economic damage resulting from the Defendants' conduct.

4

5   **THIRD CAUSE OF ACTION**

6   **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FAIR**

7   **EMPLOYMENT AND HOUSING ACT [Government Code §12940, et seq.]**

8   **(Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)**

9   36. Plaintiff restates and incorporates by reference each and every allegation contained in

10  paragraphs 1 through 35, inclusive, as though fully set forth herein.

11  37. Defendants RAPID RESPONSE and DOES 1 through 100, and/or their agents/employees, are

12  entities or individuals subject to suit under the California Fair Employment and Housing Act, Gov.

13  Code § 12940, et seq.

14  38. At all material times, Plaintiff was a qualified employee with a disabilities that limited a major

15  life activity as described herein or, alternatively, DEFENDANT regarded Plaintiff as having suffered

16  from a disability or viewed her as having a record of having a disability.

17  39. Despite her disabilities/medical condition, Plaintiff was able to perform the essential functions

18  of her job with or without reasonable accommodations.

19  40. Pursuant to California Government Code § 12940(n), DEFENDANTS were required to engage

20  with Plaintiff in a good faith interactive process to determine the extent of her disability, condition

21  related to her disability and how it could be reasonably accommodated.

22  41. DEFENDANTS, and each of them, knew of Plaintiff's disabilities and knew, or should have

23  known, that they fell within the definition of disability under Government Code §12926.

24  DEFENDANTS further knew, or should have known, that despite her disabilities, Plaintiff could

25  perform the essential functions of her job with or without reasonable accommodations.

26  42. DEFENDANTS also knew, or should have known, of the need to accommodate Plaintiff's

27  disabilities/medical condition, including the need to engage in the interactive process to determine

28  how to achieve a reasonable accommodation for Plaintiff. However, DEFENDANT failed and refused

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

to engage in the interactive process with Plaintiff, despite Plaintiff's specific request(s) for consideration of accommodations.

43. Instead of engaging in the interactive process, DEFENDANTS took adverse action against Plaintiff, including the failure to accommodate her disabilities and terminating her employment because of her disabilities, despite her ability to perform her job's essential functions with or without reasonable accommodations.

44. In engaging in the foregoing conduct, Defendants RAPID RESPONSE and Does 1 through 100 aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

45. The foregoing conduct engaged in by DEFENDANTS and DOES 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on her disability/medical condition, so as to entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

46. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

47. As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

48. Furthermore, Plaintiff is entitled to treble damages pursuant to Civil Code § 3345, in that at the time that Defendants engaged in the conduct previously alleged, Defendants, and each of them:

a. Knew or should have known that their conduct was directed to Plaintiff, a disabled person as that term is defined under Civil Code § 1761;.

b. Caused Plaintiff, a disabled person as that term is defined under Civil Code § 1761, to

1    suffer loss of principal employment and source of income; and

2         c. Knew that Plaintiff, a disabled person as that term is defined under Civil Code § 1761,

3    was substantially more vulnerable than other members of the public to the Defendants' conduct

4    because of poor health or infirmity or disability, and actually suffered physical, emotional, or

5    economic damage resulting from the Defendants' conduct.

6

7                        **FOURTH CAUSE OF ACTION**

8              **PREGNANCY DISCRIMINATION IN VIOLATION OF FEHA**

9                        **[Government Code §12940 et seq.]**

10         **(Against Defendants RAPID RESPONSE and DOES 1 to 100)**

11         49. Plaintiff realleges and incorporates herein paragraphs 1 through 48 of this complaint as though

12   fully set forth.

13         50. Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et.

14   seq., it is an unlawful employment practice for an employer because of a person's pregnancy, to refuse

15   to hire or employ the person, to refuse to select the person for a training program leading to

16   employment, to bar or discharge the person from employment or from a training program leading to

17   employment, or to discriminate against the person in compensation or in terms, conditions, or

18   privileges of employment.  It is unlawful, under the Fair Employment and Housing Act ("FEHA"),

19   Government Code section 12940, Government Code section 12940 et seq., because of a person's

20   pregnancy, to harass an employee.

21         51. At all times mentioned in this complaint, DEFENDANT RAPID RESPONSE was an

22   employer.

23         52. At all times mentioned in this complaint, Plaintiff KING was an employee of DEFENDANT.

24         53. Plaintiff KING's protected status under the FEHA is plaintiff KING's pregnancy.

25         54. DEFENDANT knew, perceived, and/or believed that plaintiff KING had the aforementioned

26   protected status, described hereinabove.

27         55. At all times mentioned in this complaint, Plaintiff KING performed work competently for

28   DEFENDANT.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

11
COMPLAINT

56. DEFENDANT made decisions adverse to the plaintiff KING in regards to compensation and terms, conditions and privileges of employment. Defendant actually and/or constructively terminated plaintiff KING, refused to hire plaintiff KING, refused to employ plaintiff KING, refused to promote plaintiff KING, demoted plaintiff KING, and/or failed to reinstate plaintiff KING.

57. The plaintiff KING's pregnancy was a motivating factor in DEFENDANT's aforementioned decisions that were adverse to plaintiff in regards to compensation and terms, conditions and privileges of employment. The plaintiff KING's pregnancy was a motivating factor in Defendants aforementioned decision to actually and/or constructively terminate the plaintiff KING; refuse to hire plaintiff KING; refuse to employ plaintiff KING, refuse to promote plaintiff KING, demote the plaintiff KING, and/or failed to reinstate plaintiff KING.

58. As a direct, legal, and proximate cause of plaintiff KING 's aforementioned protected status, described hereinabove, DEFENDANT discriminated and harassed plaintiff including, but not limited to, the following ways: DEFENDANT hired and/or assigned employees, who did not have plaintiff KING's protected status, to assume the duties and responsibilities that plaintiff KING had and/or sought; the employees that DEFENDANT hired and/or assigned to assume the duties and responsibilities that plaintiff KING had and/or sought were not as qualified as plaintiff KING to assume those duties and responsibilities; DEFENDANT made discriminatory statements based on plaintiff KING's aforementioned protected status, as described hereinabove; DEFENDANT gave no reason for the aforementioned adverse actions, described herein above, and/or gave a vague, false, and/or illegal reason for the adverse actions, DEFENDANT did not follow its own internal rules and procedures in taking adverse action against the plaintiff KING; DEFENDANT treated plaintiff KING differently than employees not in the same protected status by giving those employees lesser or no discipline for the same or more grievous offenses than DEFENDANT charged plaintiff KING with; DEFENDANT has a pattern and practice of discriminating against employees in the aforementioned protected status of plaintiff KING, described hereinabove; DEFENDANT implemented policies and procedures that had an adverse impact on plaintiff KING and other employees with the same protected status as plaintiff KING, as described hereinabove; DEFENDANT refused to accommodate Plaintiff KING due to her pregnancy and related medical conditions, refused to engage in an interactive process

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

12

COMPLAINT

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1    with Plaintiff KING regarding her request for reasonable accommodations, and instead terminated

2    Plaintiff KING based on the false contention DEFENDANT could not accommodate her.

3        59. As a direct, legal, and proximate result of plaintiff KING's pregnancy, defendants' actually

4    and/or constructively terminated plaintiff KING, refused to hire plaintiff KING, refused to employ

5    plaintiff KING, refused to promote plaintiff KING, demoted the plaintiff KING, failed to reinstate

6    plaintiff KING and/or discriminated against plaintiff KING in the terms, conditions, and privileges of

7    employment, and harassed plaintiff KING.

8        60. As a direct and foreseeable result of the aforementioned acts and omissions of DEFENDANTS,

9    Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court,

10   the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable

11   employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c)

12   consequential damages, including damages for shame, humiliation, mental anguish, and emotional

13   distress caused by the conduct of Defendant; and d) other general damages.

14       61. The above described acts of DEFENDANTS, by and through their managing agents, officers

15   or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in

16   order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.

17   Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil

18   Code §3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount

19   to be proven at time of trial.

20       62. As a proximate result of the foregoing conduct, which violated the provisions of Government

21   Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the

22   prosecution of this claim, in an amount to be proven at trial.

23

24                              **FIFTH CAUSE OF ACTION**

25        **FAILURE TO PROVIDE ACCOMMODATIONS FOR PREGNANCY AND RELATED**

26                **MEDICAL CONDITIONS IN VIOLATION OF FEHA**

27                        **[Government Code §12945 et seq.]**

28              **(Against Defendants RAPID RESPONSE and DOES 1 to 100)**

13
COMPLAINT

YUN & SIMONIAN, PC
1175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

63. Plaintiff realleges and incorporates herein paragraphs 1 through 62 of this complaint as though fully set forth.

64. Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12945 et. seq., it is an unlawful employment practice for an employer to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if she so requests, with the advice of her health care provider. It is furthermore unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, the right to reasonable accommodations due to pregnancy and related conditions.

65. Plaintiff KING requested reasonable accommodation for a condition related to her pregnancy and associated medical conditions from DEFENDANTS upon the advice of her health care provider(s).

66. DEFENDANT refused to engage in an interactive process with Plaintiff KING and refused to provide the requested reasonable accommodations for Plaintiff KING's pregnancy and related medical conditions. In so denying Plaintiff's request for reasonable accommodations, DEFENDANT made decisions adverse to the plaintiff KING in regards to compensation and terms, conditions and privileges of employment, actually and/or constructively terminated the plaintiff KING, and refused to employ plaintiff KING.

67. As a direct and foreseeable result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

68. The above described acts of DEFENDANTS, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount

1   to be proven at time of trial.

2       69. As a proximate result of the foregoing conduct, which violated the provisions of Government

3   Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the

4   prosecution of this claim, in an amount to be proven at trial.

5

6   ## SIXTH CAUSE OF ACTION

7   ## FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS REGARDING REQUEST FOR

8   ## ACCOMMODATIONS FOR PREGNANCY AND RELATED MEDICAL CONDITIONS IN

9   ## VIOLATION OF FEHA

10  **[Government Code §12945 et seq. & California Code of Regulations §11040 et seq.]**

11  **(Against Defendants RAPID RESPONSE and DOES 1 to 100)**

12      70. Plaintiff realleges and incorporates herein paragraphs 1 through 69 of this complaint as though

13  fully set forth.

14      71. Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12945 et.

15  seq., it is an unlawful employment practice for an employer to refuse to engage in an interactive

16  process to identify and implement an employee's request for reasonable accommodation due to

17  pregnancy or related medical condition.

18      72. Plaintiff KING requested reasonable accommodation for a condition related to her pregnancy

19  and associated medical conditions from DEFENDANTS upon the advice of her health care

20  provider(s).

21      73. DEFENDANT refused to engage in an interactive process with Plaintiff KING and refused to

22  provide the requested reasonable accommodations for Plaintiff KING's pregnancy and related medical

23  conditions. In so denying Plaintiff's request for reasonable accommodations, DEFENDANT made

24  decisions adverse to the plaintiff KING in regards to compensation and terms, conditions and

25  privileges of employment, actually and/or constructively terminated the plaintiff KING, and refused

26  to employ plaintiff KING.

27      74. As a direct and foreseeable result of the aforementioned acts and omissions of DEFENDANTS,

28  Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court,

YUN & SIMONIAN, PC
1175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

75. The above described acts of DEFENDANTS, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

76. As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL VIOLATION OF THE CALIFORNIA PREGNANCY DISABILITY LEAVE LAW [Government Code §12945 (a)]

### (Against Defendants RAPID RESPONSE and DOES 1 to 100)

77. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78. The above described actions by DEFENDANT and DOES 1 through 100, inclusive, and/or their agents/employees, constitute unlawful violation of the California Pregnancy Disability Leave Law ("PDLL"), codified in Government Code section 12945 (a).

79. Under the California Pregnancy Disability Leave Law ("PDLL"), Government Code section 12945(a), a female employee disabled by pregnancy, childbirth, or a related medical condition is entitled to take a leave of absence for any period of time during which the female employee is disabled on account of pregnancy, childbirth, or a related medical condition, not to exceed four months.

80. Under the PDLL, Government Code section 12945(a) et. seq., it is an unlawful employment practice to discriminate against an employee in the terms conditions, and/or privileges of their employment, retaliate against an employee, and/or terminate a female employee for requesting leave for a disability caused by pregnancy, childbirth, or a related medical condition.

81. At all material times, Plaintiff was a qualified employee for all positions she held or applied for, and she performed each and every material covenant and condition of said employee in a satisfactory manner.

82. Plaintiff is a member of the class of persons entitled to protected medical leave under the California Pregnancy Disability Leave Law, embodied in Government Code section 12945 (a). Specifically, Plaintiff became pregnant and disable due to pregnancy. Plaintiff informed DEFENDANT of her pregnancy, impending childbirth, and related medical condition and requested reasonable accommodations from DEFENDANT, including but not limited to, a reasonable leave for her pregnancy, impending childbirth, and disability due to pregnancy.

83. Defendants RAPID RESPONSE, business entities form unknown, and DOES 1 through 100 violated the California Pregnancy Discrimination Leave Laws by retaliating against Plaintiff because she sought to exercise and/or did exercise her rights under the California Pregnancy Disability Leave Laws. In particular, Defendants RAPID RESPONSE and Does 1 through 100 took adverse action against Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating her employment because of her exercise of her right to disability and medical leave under the California Pregnancy Disability Leave Law.

84. Defendants RAPID RESPONSE, business entities form unknown, and DOES 1 through 100 took adverse action against Plaintiff, including, but not limited to, demoting, suspending, providing both written and verbal warnings, failing to promote, decreasing job responsibilities, issuing poor performance reviews, decreasing pay, denying benefits, disciplining, decreasing hours, and/or thereafter terminating her employment because of her exercise of her right to family care and medical leave under the California Family Rights Act.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

17

85. The foregoing conduct engaged in by Defendants RAPID RESPONSE, business entities form unknown, and DOES 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of discrimination based on the exercise of one's right to medical leave and disability leave under the California Pregnancy Disability Leave Laws, so as to entitle Plaintiff to punitive damages to punish and set an example of said Defendants.

86. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

87. As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### RETALIATION FOR REQUESTS FOR ACCOMMODATION, COMPLAINTS OF DISABILITY DISCRIMINATION AND/OR HARASSMENT IN VIOLATION OF FEHA

[Government Code §12940(h)]

(Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)

88. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 87, inclusive, as though fully set forth herein.

89. Defendants RAPID RESPONSE and Does 1 through 100, and/or their agents/employees, are entities or individuals subject to suit for unlawful retaliation under the California Fair Employment and Housing Act, Gov. Code § 12940, et seq.

90. Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et. seq., it is an unlawful employment practice for an employer to discharge, expel, or otherwise

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

18

1   discriminate against any person because the person has opposed any practices forbidden under the Fair

2   Employment and Housing Act or because the person has filed a complaint, testified or assisted in any

3   proceedings under the Fair Employment and Housing Act.

4       91. Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et.

5   seq., it is an unlawful employment practice for an employer because of a person's disability and/or

6   pregnancy/pregnancy-related disability to refuse to hire or employ the person, to refuse to select the

7   person for a training program leading to employment, to bar or discharge the person from employment

8   or from a training program leading to employment, or to discriminate against the person in

9   compensation or in terms, conditions, or privileges of employment. It is unlawful, under the Fair

10   Employment and Housing Act ("FEHA), Government Code section 12940, for an employer to fail to

11   make reasonable accommodation for the known physical or mental disability and/or

12   pregnancy/pregnancy-related disability of an employee. It is unlawful, under the Fair Employment

13   and Housing Act ("FEHA), Government Code section 12940, for an employer to fail to engage in a

14   timely, good faith, interactive process with the employee to determine effective reasonable

15   accommodations for an employee with a known physical or mental disability and/or

16   pregnancy/pregnancy-related disability. It is unlawful, under the Fair Employment and Housing Act

17   ("FEHA), Government Code section 12940, Government Code section 12940 et seq., because of a

18   person's disability and/or pregnancy/pregnancy-related disability, to harass an employee.

19       92. Plaintiff KING requested reasonable accommodations, requested to engage in an interactive

20   process, opposed disability and/or pregnancy/pregnancy-related disability discrimination and/or

21   harassment by DEFENDANTS, complained that DEFENDANTS failed to provide reasonable

22   accommodation, failed to engage in an interactive process, committed and/or pregnancy/pregnancy-

23   related disability discrimination and/or harassment, protested and/or pregnancy/pregnancy-related

24   disability discrimination and/or harassment by DEFENDANTS, participated in investigations of

25   and/or pregnancy/pregnancy-related disability discrimination and/or harassment against

26   DEFENDANTS, filed a complaint of and/or pregnancy/pregnancy-related disability discrimination

27   and/or harassment against DEFENDANTS, and testified and assisted in proceedings against

28   DEFENDANTS for and/or pregnancy/pregnancy-related disability discrimination and/or harassment.

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1  When plaintiff KING engaged in the aforementioned activity, plaintiff KING was engaged in

2  protected activity under the FEHA.

3     93. At all times mentioned in this complaint, Plaintiff performed work competently for

4  DEFENDANT.

5     94. After Plaintiff voiced her complaints and objections, or sought protections of and/or to exercise

6  her rights under the Fair Employment & Housing Act, she was subjected to adverse employment

7  actions as described above, including but not limited to demotions, suspensions, written and verbal

8  warnings, failure to promote, decrease in job responsibilities, poor performance reviews, decrease in

9  pay, denied benefits, discipline, and/or termination of employment in a pattern of systematic

10  retaliation.

11     95. The foregoing described adverse employment actions were taken in part or in whole because

12  of Plaintiff's legally protected requests for reasonable accommodation and to engage in an interactive

13  process as well as objections and opposition to Defendants' unlawful employment practices as

14  described above.

15     96. In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided, abetted,

16  incited, compelled, and/or coerced unlawful employment practices in violation of the announced

17  policy of this State against such practices.

18     97. The foregoing conduct engaged in by DEFENDANTS and DOES 1 through 100, and each of

19  their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was

20  carried on with a conscious and willful disregard of Plaintiffs right to work in an environment free of

21  unlawful retaliation in the workplace.

22     98. The foregoing conduct engaged in by DEFENDANTS RAPID RESPONSE and DOES 1

23  through 100, and each of their directors, officers and/or managing agents, constitutes malice, fraud

24  and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work

25  in an environment free of unlawful retaliation in the workplace.

26     99. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS,

27  Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court,

28  the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1   employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c)

2   consequential damages, including damages for shame, humiliation, mental anguish, and emotional

3   distress caused by the conduct of DEFENDANTS; and d) other general damages.

4       100.     As a proximate result of the foregoing conduct, which violated the provisions of

5   Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs

6   in the prosecution of this claim, in an amount to be proved at trial.

7

8   **NINTH CAUSE OF ACTION**

9   **UNLAWFUL RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND**

10  **HOUSING ACT**

11  **[Government Code § 12940, et seq.]**

12  **(Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)**

13      101.     Plaintiff restates and incorporates by reference each and every allegation contained in

14  paragraphs 1 through 100, inclusive, as though full set forth herein.

15      102.     Defendants RAPID RESPONSE and Does 1 through 100, and/or their

16  agents/employees, are entities or individuals subject to suit for unlawful retaliation under the

17  California Fair Employment and Housing Act, Gov. Code § 12940, et seq.

18      103.     During her employment with Defendants RAPID RESPONSE and Does 1 through 100,

19  Plaintiff engaged in legally protected activity by, *inter alia:* (a) reporting and/or opposing disability

20  harassment; (b) reporting and/or opposing disability discrimination; (c) requesting reasonable

21  accommodations for disability; (d) requesting reasonable accommodations for pregnancy and related

22  medical conditions; and (e) requesting leave under the California Family Rights Act.

23      104.     After Plaintiff voiced her complaints and objections, or sought protections of and/or to

24  exercise her rights under the Fair Employment & Housing Act, she was subjected to adverse

25  employment actions as described above, including, but not limited to, demotions, suspensions, written

26  and verbal warnings, failure to promote, decreases in job responsibilities, poor performance reviews,

27  decreases in pay, denied benefits, discipline, decreases in hours, termination, and/or the continued

28  pattern of systematic retaliation that preceded it as described above.

105.    The foregoing described adverse employment actions were taken in part or in whole because of Plaintiff's legally protected objections and opposition to Defendants' unlawful employment practices as described above.

106.    In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

107.    The foregoing conduct engaged in by Defendants RAPID RESPONSE and Does 1 through 100, and each of their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard of Plaintiffs right to work in an environment free of unlawful retaliation in the workplace.

108.    As a direct and proximate result of the aforementioned acts and omissions of Defendants RAPID RESPONSE, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of DEFENDANTS; and d) other general damages.

109.    As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

## UNLAWFUL VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [Government Code §12945.2 and California Code of Regulations §7297.9]

### (Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)

110. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 109, inclusive, as though fully set forth herein.

111. The above described actions by Defendants RAPID RESPONSE and DOES 1 through 100,

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

YUN & SIMONIAN, PC
1175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1  inclusive, and/or their agents/employees, constitute unlawful violation of the California Family Rights

2  Act, codified in Government Code section 12945.2.

3      112. At all material times, Plaintiff was a qualified employee for all positions she held or applied

4  for, and she performed each and every material covenant and condition of said employee in a

5  satisfactory manner.

6      113. Plaintiff is a member of the class of persons entitled to protected medical and/or family leave

7  under the California Family Rights Act ("CFRA"), embodied in Government Code section 12945.2.

8  Specifically, Plaintiff worked for more than one (1) year for Defendant RAPID RESPONSE and

9  worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12)

10  month period prior to her requested and/or taken leaves. Further, Plaintiff qualified for family care and

11  medical leave to care for her own serious health condition.

12      114. Defendant RAPID RESPONSE and DOES 1 through 100 and each of them are employers

13  covered by and subject to the California Family Rights Act because DEFENDANT employed fifty

14  (50) or more full- or part-time employees for each working day of each of the twenty (20) calendar

15  weeks preceding and following the leave periods.

16      115. At all times herein mentioned, Government Code §12945.2 and California Code of

17  Regulations §7297.9 were in full force and effect, and were binding upon Defendants RAPID

18  RESPONSE and DOES 1-50. Said sections required Defendants RAPID RESPONSE and said DOE

19  Defendants, their employees and agents, to provide notice to their employees, including the Plaintiff,

20  of the right to request CFRA leave and to grant Plaintiff's request for a medical leave for her own

21  serious health condition with a guarantee of employment in the same or a comparable position upon

22  the termination of the leave.

23      116. Plaintiff provided verbal and written notice to make Defendant RAPID RESPONSE and

24  DOES 1-50 aware that Plaintiff needed a CFRA qualifying leave and the reason(s) for said leave, and

25  the anticipated timing and duration of the leave. Plaintiff was not under any legal duty to expressly

26  assert her rights under CFRA or even mention in order to meet the required notice to her employer.

27      117. Plaintiff is informed and believes, and on that basis alleges, that the acts of said Defendants

28  in failing to notify Plaintiff of her rights to take statutory family care and medical leave, in failing to

permit Plaintiff to exercise her lawful rights to take the statutory family care and medical leave, and in terminating Plaintiff's employment Defendant RAPID RESPONSE and DOES 1-50 engaged in an unlawful employment practice in violation of the California Family Rights Act (hereinafter "CFRA"), Government Code §12945.2 and California Code of Regulations §7297.9.

118. In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

119. The foregoing conduct engaged in by DEFENDANTS and DOES 1 through 100, and each of their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard of Plaintiffs right to work in an environment free of unlawful retaliation in the workplace.

120. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

121. As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

### UNLAWFUL RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [Government Code §12945.2]

**(Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)**

122. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 121, inclusive, as though fully set forth herein.

123. The above described actions by Defendants RAPID RESPONSE and DOES 1 through 100,

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1   inclusive, and/or their agents/employees, constitute unlawful violation of the California Family Rights

2   Act, codified in Government Code section 12945.2.

3   124. At all material times, Plaintiff was a qualified employee for all positions she held or applied

4   for, and she performed each and every material covenant and condition of said employee in a

5   satisfactory manner.

6   125. Plaintiff is a member of the class of persons entitled to protected medical and/or family leave

7   under the California Family Rights Act, embodied in Government Code section 12945.2. Specifically,

8   Plaintiff worked for more than one (1) year for Defendant RAPID RESPONSE and worked in excess

9   of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior

10   to her requested and/or taken leaves. Further, Plaintiff qualified for family care and medical leave to

11   care for her own serious health condition.

12   126. Defendant RAPID RESPONSE and DOES 1 through 100 and each of them are employers

13   covered by and subject to the California Family Rights Act because DEFENDANT employed fifty

14   (50) or more full- or part-time employees for each working day of each of the twenty (20) calendar

15   weeks preceding and following the leave periods.

16   127. Defendants violated the California Family Rights Act by retaliating against Plaintiff because

17   she sought to exercise and/or did exercise her rights under the California Family Rights Act. In

18   particular, Defendants RAPID RESPONSE and DOES 1 through 100 took adverse action against

19   Plaintiff, including, but not limited to, the following ways:  Defendant RAPID RESPONSE hired

20   and/or assigned employees, who did not have Plaintiff's protected status, to assume the duties and

21   responsibilities that Plaintiff had and/or sought; the employees that Defendant RAPID

22   RESPONSEhired and/or assigned to assume the duties and responsibilities that Plaintiff had and/or

23   sought were not as qualified as Plaintiff to assume those duties and responsibilities; Defendant RAPID

24   RESPONSE made discriminatory statements based on Plaintiff's aforementioned protected status, as

25   described hereinabove; Defendant RAPID RESPONSE gave no reason for the aforementioned adverse

26   actions, described herein above, and/or gave a vague, false, and/or illegal reason for the adverse

27   actions, Defendant RAPID RESPONSE did not follow its own internal rules and procedures in taking

28   adverse action against the Plaintiff; Defendant RAPID RESPONSE treated Plaintiff differently than

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

25
COMPLAINT

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1   employees not in the same protected status by giving those employees lesser or no discipline for the

2   same or more grievous offenses than Defendant RAPID RESPONSE charged Plaintiff with;

3   Defendant RAPID RESPONSE has a pattern and practice of discriminating against employees in the

4   aforementioned protected status of Plaintiff, described hereinabove; and/or Defendant RAPID

5   RESPONSE implemented policies and procedures that had an adverse impact on Plaintiff and other

6   employees with the same protected status as Plaintiff, as described hereinabove.

7       128. As a direct, legal, and proximate result of plaintiff's aforementioned protected activity, as

8   described hereinabove, defendants' actually and/or constructively terminated Plaintiff, refused to hire

9   Plaintiff, refused to employ Plaintiff, refused to promote Plaintiff, demoted Plaintiff, failed to reinstate

10  Plaintiff and/or discriminated against Plaintiff in the terms, conditions, and privileges of employment,

11  and harassed Plaintiff.

12      129. In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided,

13  abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the

14  announced policy of this State against such practices.

15      130. The foregoing conduct engaged in by DEFENDANTS and DOES 1 through 100, and each of

16  their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was

17  carried on with a conscious and willful disregard of Plaintiffs right to work in an environment free of

18  unlawful retaliation in the workplace.

19      131. As a direct and proximate result of the aforementioned acts and omissions of DEFENDANTS,

20  Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court,

21  the exact amount to be proven at trial. Such damages include a) loss of salary and other valuable

22  employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c)

23  consequential damages, including damages for shame, humiliation, mental anguish, and emotional

24  distress caused by the conduct of Defendant; and d) other general damages.

25      132. As a proximate result of the foregoing conduct, which violated the provisions of Government

26  Code §12945.2, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution

27  of this claim, in an amount to be proven at trial.

28

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

## TWELFTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)

133.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 133, inclusive, as though fully set forth herein.

134.     DEFENDANTS' termination of Plaintiff's employment violates public policy as set forth in both state and federal laws, including Government Code § 12940, et seq., which prohibit discriminatory and retaliatory practices in the workplace.

135.     The foregoing conduct engaged in by DEFENDANT RAPID RESPONSE and DOES 1 through 100, and each of the directors, officers, and/or managing agents, constitutes malice, fraud, and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of unlawful discrimination, harassment, and retaliation so as to entitle Plaintiff to punitive damages to punish and set an example of said DEFENDANTS.

136.     As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include (a) loss of salary and other valuable employment benefits; (b) pre-judgment interest and interest on the sum of damages at the legal rate; (c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendants; and (d) other general damages.

## THIRTEENTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT AND/OR STOP HARASSMENT, DISCRIMINATION, AND/OR RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT [Government Code § 12940, et seq.]

#### (Against Defendants RAPID RESPONSE and Does 1 to 100, inclusive)

137.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 136, inclusive, as though fully set forth herein.

138.     Under the Fair Employment and Housing Act ("FEHA"), Government Code section

1   12940 et. seq., it is an unlawful employment practice for an employer to fail to take all reasonable

2   steps necessary to prevent discrimination, harassment and retaliation from occurring.

3       139.    DEFENDANT and DOES 1 through 100, and/or their agents/employees, failed to take

4   all reasonable steps necessary to prevent harassment, discrimination and/or retaliation in employment

5   from occurring. Further, said DEFENDANTS knew or should have known of the discrimination and/or

6   retaliation against Plaintiff described above, yet failed to conduct an adequate investigation into the

7   nature and substance of the discrimination and/or retaliation, and failed to take immediate and

8   appropriate corrective action so as to discipline any of the offenders.

9       140.    The response of DEFENDANT RAPID RESPONSE and DOES 1 through 100, and/or

10   their agents/employees to that knowledge was so inadequate as to establish a deliberate indifference

11   to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed

12   between DEFENDANT's inaction and action and the injuries suffered by Plaintiff.

13       141.    By failing to take all reasonable steps necessary to prevent discrimination and/or

14   retaliation, and by failing to properly investigate and remedy the discrimination and/or retaliation that

15   occurred, DEFENDANT and DOES 1 through 100 committed unlawful employment practices as

16   described and prohibited in Government Code §12940(k).

17       142.    In engaging in the aforementioned conduct, DEFENDANTS, and each of them, aided,

18   abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the

19   announced policy of this State against such practices.

20       143.    The above described acts of Defendants, by and through their managing agents, officers

21   or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in

22   order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.

23   Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil

24   Code §3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount

25   to be proven at time of trial.

26       144.    As a direct and foreseeable result of the aforementioned acts and omissions of

27   DEFENDANTS, Plaintiff has sustained and will continue to suffer in an amount within the jurisdiction

28   of this Court, the exact amount to be proven at trial. Such damages include a) loss of salary and other

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

valuable employment benefits; b) pre-judgment interest and interest on the sum of damages at the legal rate; c) consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Defendant; and d) other general damages.

145.     As a proximate result of the foregoing conduct, which violated the provisions of Government Code §12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

///

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

1
2

**PRAYER FOR RELIEF**

3     WHEREFORE, Plaintiff ELAINE KING prays judgment against the DEFENDANTS, and
4     each of them, as follows:

5     A.      For general and special damages according to proof;

6     B.      For loss of earnings and earning capacity and/or other economic damages, according
7     to proof;

8     C.      For civil penalties to the extent allowed by law;

9     D.      For pre-judgment interest to the extent allowed by law;

10    E.      For punitive and/or exemplary damages in an amount to punish Defendants;

11    F.      For attorney's fees in prosecuting this action to the extent allowed by law;

12    G.      For permanent injunctive relief to stop the illegal practices complained of above;

13    H.      For costs of suit; and,

14    I.      For such other and further relief as the Court deems just and proper.

15
16
17    DATED: February 15, 2019                 Respectfully Submitted,
18                                             **YUN & SIMONIAN, PC**
19
20
21    By: _____
22                                             Edward Yun
                                               Sevahn Simonian
                                               Attorneys for Plaintiff ELAINE KING
23
24
25
26
27
28

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

30
COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff ELAINE KING hereby demands trial by jury on all issues so triable in the Complaint.

DATED: February 15, 2019

Respectfully Submitted,
**YUN & SIMONIAN, PC**

By:
Edward Yun
Sevahn Simonian
Attorneys for Plaintiff ELAINE KING

YUN & SIMONIAN, PC
11175 SANTA MONICA BLVD., SUITE 420
LOS ANGELES, CA 90025

31
COMPLAINT